IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DARNELL SHEPHERD, | :: | PRISONER HABEAS CORPUS |
|    Petitioner, | :: | 28 U.S.C. § 2241 |
| | :: | |
| v. | :: | |
| | :: | |
| D. DREW, Warden, USP-Atlanta, | :: | CIVIL ACTION NO. |
|    Respondent. | :: | 1:13-CV-2802-WSD-GGB |

## FINAL REPORT AND RECOMMENDATION

Petitioner is confined at the federal prison in Atlanta, Georgia. Petitioner, pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241 because the Bureau of Prisons ("BOP") has refused to credit time Petitioner served in state prison toward his federal sentence. (Doc. 1.) Respondent filed a brief opposing the petition, supported by a declaration from J.R. Johnson, a Correctional Programs Specialist at the BOP's Designation and Sentence Computation Center. (Docs. 9, 9-1.) Petitioner filed a reply brief. (Doc. 10-1.)

In November 2001, a state court in New York sentenced Petitioner to five years in prison for the crime of assault in the first degree. (Doc. 1 at 6-7; Doc. 1-2 at 2; Doc. 9-1 at 2.) Petitioner was paroled in September 2005 after serving four years, three months, and ten days of that sentence in a state correctional facility. (Doc. 1 at 6-7; Doc. 9-1 at 2.)

In September 2006, one year after he was paroled and after his five-year state sentence had expired, Petitioner was arrested by federal agents and indicted for a drug conspiracy and a Racketeering Influenced and Corrupt Organizations Act ("RICO") conspiracy. (Doc. 1 at 6-7; Doc. 1-15; Doc. 9-1 at 2.) One of the predicate racketeering acts for the RICO charge was the same act of assault for which Petitioner served the state sentence referenced above. (Doc. 1 at 6-7; Doc. 1-15 at 5.) In the federal case, the act was charged as conspiracy to murder. (*Id.*) In 2008, Petitioner was convicted in the U.S. District Court for the Northern District of New York of both the narcotics conspiracy and the RICO conspiracy. Verdict, *United States v. Shepherd*, No. 3:06-cr-136-TJM-5 (N.D.N.Y. Feb. 25, 2008), ECF No. 161. The jury found Petitioner committed eight predicate RICO acts, including conspiring to murder the assault victim. *Id.*

In November 2008, the district court sentenced Petitioner to 210 months' imprisonment for the drug conspiracy and 210 months' imprisonment for the RICO conspiracy, with the sentences to run concurrently. J., *Shepherd*, No. 3:06-cr-136-TJM-5, ECF No. 245. The BOP commenced the sentence on the date judgment was entered and gave Petitioner sentence credit from the day federal agents arrested him in September 2006 until the date of the judgment. (Doc. 9-1 at 7-8.)

2

Petitioner contends in his § 2241 petition that the BOP must credit toward his federal sentence the four years, three months, and ten days he served in state prison for the assault crime. (Doc. 1 at 6-7.) That is so, according to Petitioner, because the assault for which he was sentenced in state court was a predicate act for the federal RICO conspiracy crime. (*Id.*; Doc. 10-1.) As noted above, Petitioner served his state sentence for the assault from November 2001 to September 2005 (and received credit for state jail time). The state sentence was fully discharged when Petitioner was arrested and indicted by federal authorities.

Petitioner presented his sentence credit claim to the sentencing court in New York via a post-judgment motion. The sentencing court denied the motion in March 2011 for Petitioner's failure to exhaust his administrative remedies with the BOP. Order, *Shepherd*, No. 3:06-cr-136-TJM-5, ECF No. 271. Petitioner renewed the motion after purporting to exhaust his administrative remedies, but the court rejected his claim in April 2013. Order, *Shepherd*, No. 3:06-cr-136-TJM-5, ECF No. 298. The court said at that time: "assuming [Petitioner] properly exhausted his administrative remedies, he is not entitled to credit for a term of state imprisonment that was discharged prior to the federal indictment and which sentence was credited to the state conviction." *Id.* at 1-2 (citing 18 U.S.C. § 3585(b) and *Lopez v. Terrell*,

3

654 F.3d 176, 187 (2d Cir. 2011)).  The court denied Petitioner's motion for reconsideration.  Order, *Shepherd*, No. 3:06-cr-136-TJM-5, ECF No. 300.

Respondent contends that Petitioner cannot obtain relief in this Court under § 2241 because he did not exhaust his administrative remedies for his sentence credit claim and because the claim lacks merit.  (Doc. 9.)  There is a factual dispute regarding administrative exhaustion, as Petitioner disputes that he received a BOP ruling in time to appeal that ruling to the final step of the administrative remedy process.  The Court need not resolve that dispute because Petitioner's claim fails on its merits for the same reason noted by the sentencing court.

The authority to compute a federal prisoner's sentence is delegated to the U.S. Attorney General, who exercises this authority through the BOP.  *United States v. Wilson*, 503 U.S. 329, 334–35 (1992).  The federal statute governing the BOP's calculation of a prison sentence provides:

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –

4

>   (1) as a result of the offense for which the sentence was imposed; or
>
>   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. In § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time." *Wilson*, 503 U.S. at 337.

Section 3585(b)'s prohibition on crediting a federal sentence with the time that was credited to another sentence dooms Petitioner's claim. It does not matter that Petitioner's state conviction for assault was related to his federal RICO conviction in the sense that the assault was one of the eight predicate acts he was found to have committed as part of the RICO conspiracy.[1]

---

[1] There were seven other predicate acts – enough to support the RICO conspiracy conviction – that were unrelated to the assault. Moreover, Petitioner's claim falters on its own base because Petitioner contends that the state sentence for assault was related only to the federal RICO conspiracy conviction for which he received a 210-month sentence. (Docs. 1, 10-1.) Petitioner was separately convicted of participating in a drug conspiracy and received a *concurrent* 210-month sentence for that crime. J., *Shepherd*, No. 3:06-cr-136-TJM-5, ECF No. 245. Petitioner thus would still have a 210-month federal prison sentence even if he prevailed on his claim that his sentence for the RICO conspiracy should be reduced by the amount of time he served for the assault conviction.

Federal courts have consistently rejected habeas relief under § 2241 on claims like Petitioner's.  For example, one court found that § 3585(b) "does not, as the petitioner contends, require a credit against his federal sentence for his state sentence where the acts upon which his state and federal prosecutions are simply related."  *Nixon v. Hamidullah*, No. 8:04CV23153-GRA-BHH, 2006 WL 516735, at *2 (D.S.C. Mar. 1, 2006).  A district court in the Eleventh Circuit recently agreed, finding that "[w]hile the petitioner's federal conviction relates to the same conduct as his municipal court conviction, he is not entitled to the additional 169 days of credit . . . . [because he] has already received the benefit of that time on his municipal court sentences."  *Garrett v. Rathman*, No. 3:11-CV-02801-RDP, 2013 WL 1760846, at *3 (Mar. 22, 2013), *R&R adopted*, 2013 WL 1760837 (N.D. Ala. Apr. 19, 2013).

There are many other decisions affirming this basic principle embodied in § 3585(b).  *See, e.g., Puga v. Sherrod*, 462 F. App'x 470, 473 (5th Cir. 2012) (holding that § 2241 petitioner "was not statutorily entitled to credit for his expired state sentence for the same conduct because that detention was credited against a different sentence and because there is no statutory entitlement to credit for a state sentence on a related charge" (citing § 3585(b)); *Jordan v. Fisher*, No. CIV.

6

12-1097 JRT/AJB, 2012 WL 6771398, at *3 (Nov. 9, 2012) (rejecting § 2241 petitioner's claim that § 3585(b)(1) "authorizes fully concurrent state and federal sentencing for the time he spent in state custody prior to federal sentencing on related charges" because "only presentencing time 'that has not been credited against another sentence' may be credited to the federal sentence"), *R&R adopted*, 2013 WL 64610 (D. Minn. Jan. 4, 2013); *Harris v. Martinez*, No. 1:11-CV-1024, 2012 WL 5379365, at *5 (M.D. Pa. Oct. 31, 2012) ("Whether the state criminal conduct was related to the federal offense is immaterial because . . . it is undisputed[] that all thirty-eight months were credited to his state sentence. Consequently, the BOP is statutorily precluded from granting prior custody credit under § 3585(b)."); *United States v. Davis*, No. 4:07-CR-00173 GTE, 2011 WL 124214, at *3 (E.D. Ark. Jan. 14, 2011) ("[A]ssuming that the time Davis served in state prison was for the identical conduct for which he is now serving federal time, it does not impact the analysis of whether he is entitled to federal credit for the time spent in state custody."); *Shanks v. Thomas*, No. 1:11-CV-01389 MJS HC, 2012 WL 2995481, at *4 (E.D. Cal. July 23, 2012) ("Here, petitioner was credited time against his Texas state court sentence prior to the commencement of his federal sentence. Because petitioner was given time credit against his state sentence, he

7

cannot receive the same credit against his federal sentence." (citation omitted)). Petitioner has presented no cases, or any law, holding that a federal prisoner can obtain, under § 2241, credit toward his federal sentence for time he spent in state prison prior to commencement of the federal prosecution and that was credited to the state sentence. His claim lacks merit.[2]

Petitioner contends in his reply brief that "he has been actually punished twice for the same offense" because he served a state sentence for the assault that was one of the predicate acts of the federal RICO conspiracy. (Doc. 10-1 at 2, 7.) Petitioner thus claims that he was subjected to double jeopardy in violation of the

---

[2] The claim lacks merit not only because of § 3585(b)'s prohibition on double counting, but also because the conduct underlying Petitioner's state conviction – assault causing serious physical injury to another – was not the same as the conduct underlying his federal RICO conviction – conspiracy to engage in a pattern of racketeering activities. *See Easley v. Stepp*, 5 F. App'x 541, 542-43 (7th Cir. 2001) (rejecting claim for sentence credit where state and federal offenses were related, but state conviction was for possession of cocaine and federal conviction was for distribution of cocaine); *Huffman v. Perez*, 230 F.3d 1358, at *2 (6th Cir. 2000) (unpublished) ("To the extent Huffman asserts that he should receive joint sentence credit because the underlying conduct was the same for both his state and federal convictions, his claim is factually incorrect as his state conviction was for possession [of dilaudid], whereas his federal convictions were for conspiracy to possess and distribution [of dilaudid]."); *see also Lehman v. Lucom*, 727 F.3d 1326, 1330 (11th Cir. 2013) (listing elements of a RICO crime under 18 U.S.C. § 1962); N.Y. Penal Law § 120.10 (defining crime of assault in the first degree).

Constitution.  (*Id.*)  That is an attack on Petitioner's federal sentence because it is a claim that the federal sentence should not have included any imprisonment for the assault.  Such a claim must be raised via 28 U.S.C. § 2255 in the sentencing court.[3]  *See* 28 U.S.C. § 2255(a); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008) (noting that only "challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241").

For the foregoing reasons, I **RECOMMEND** that the petition for a writ of habeas corpus [1] be **DENIED** and that this action be **DISMISSED**.

**SO RECOMMENDED** this 16th day of   April, 2014.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

---

[3] Even if the double jeopardy claim was properly before the Court, it would not support relief.  *See Heath v. Alabama*, 474 U.S. 82, 92 (1985) ("This Court has plainly and repeatedly stated that two identical offenses are not the 'same offence' within the meaning of the Double Jeopardy Clause if they are prosecuted by different sovereigns.").