IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DARNELL SHEPHERD,

              Petitioner,

v.

D. DREW, Warden, USP-Atlanta,

              Respondent.

1:13-cv-2802-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [11] ("R&R"), recommending denial of Petitioner Darnell Shepherd's ("Petitioner") petition for habeas corpus under 28 U.S.C. § 2241 ("Habeas Petition"). Also before the Court are Petitioner's "Response to Government's/Warden's Response to 28 U.S.C. § 2241 Petition," [15] which the Court construes as Petitioner's Objections to the R&R.

**I.    BACKGROUND**

Petitioner is confined at the federal prison in Atlanta, Georgia. Petitioner, *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2241 because the Bureau of Prisons ("BOP") has refused to credit, toward his federal sentence, time Petitioner served in state prison. ([1]).

In November 2001, a state court in New York sentenced Petitioner to five years in prison for the crime of assault in the first degree. ([1] at 6-7; [1.2] at 2; [9.1] at 2). Petitioner was paroled in September 2005, after serving four years, three months, and ten days of the sentence on first degree assault. ([1] at 6-7; [9.1] at 2).

In September 2006, one year after he was paroled and after his five-year state sentence terminated, Petitioner was arrested by federal agents and indicted for a drug conspiracy and a Racketeering Influenced and Corrupt Organizations Act ("RICO") conspiracy. ([1] at 6-7; [1.15]; [9.1] at 2). One of the predicate racketeering acts for the RICO charge was the assault for which Petitioner was incarcerated and served his state first degree assault sentence. ([1] at 6-7; [1.15] at 5). The conduct for which Petitioner was convicted in state court was charged as conspiracy to murder in his federal prosecution. (Id.).

In 2008, Petitioner was convicted, in the United States District Court for the Northern District of New York, of both a drug conspiracy and RICO conspiracy. Verdict, United States v. Shepherd, No. 3:06-cr-136-TJM-5 (N.D.N.Y. Feb. 25, 2008) (ECF No. 161). The jury found Petitioner committed eight predicate RICO acts, including conspiring to murder the victim of his state court assault. Id. In November 2008, the district court sentenced Petitioner to 210

months' imprisonment for the drug conspiracy and 210 months' imprisonment for the RICO conspiracy, with the sentences to run concurrently.  J., Shepherd, No. 3:06-cr-136-TJM-5 (ECF No. 245).  The BOP commenced the sentence on the date judgment was entered and gave Petitioner sentence credit from the day federal agents arrested him in September 2006, until the date judgment was executed. ([9.1] at 7-8).

Petitioner contends in his Section 2241 petition that the BOP must credit, toward his federal sentence, the four years, three months, and ten days he served in state prison for the state assault charge of which he was convicted, because the assault for which he was sentenced in state court was a predicate act for the federal RICO conspiracy crime.  ([1] at 6-7; [10.1]).  Petitioner served his state sentence for assault from November 2001 to September 2005, including time in state prison. The state sentence was fully discharged when Petitioner was arrested and indicted by federal authorities.  Petitioner presented his sentence credit claim, by motion, to his federal sentencing court in New York.  The sentencing court denied the motion in March 2011, for Petitioner's failure to exhaust his BOP administrative remedies. Order, Shepherd, No. 3:06-cr-136-TJM-5 (ECF No. 271).

Petitioner renewed the motion after purporting to exhaust his administrative remedies.  The court rejected his claim in its April 2013, Order.  Shepherd, No.

3:06-cr-136-TJM-5 (ECF No. 298).  The court said in its order: "assuming [Petitioner] properly exhausted his administrative remedies, he is not entitled to credit for a term of state imprisonment that was discharged prior to the federal indictment and which sentence was credited to the state conviction."  Id. at 1-2 (citing 18 U.S.C. § 3585(b) and Lopez v. Terrell, 654 F.3d 176, 187 (2d Cir. 2011)).  The court denied Petitioner's motion for reconsideration.  Order, Shepherd, No. 3:06-cr-136-TJM-5, ECF No. 300.

Respondent here contends that Petitioner cannot obtain relief in this Court under Section 2241 because he did not exhaust his administrative remedies for his sentence credit claim and because the claim lacks merit.  ([9]).  Petitioner claims he exhausted his administrative remedies.  (Obj. at 2).

On April 16, 2014, the Magistrate Judge issued her R&R.  In it, she determined that the Court did not need to resolve the factual dispute regarding whether petitioner exhausted his administrative remedies, because the Magistrate Judge found that Petitioner's claim fails on its merits for the same reasons stated by the sentencing court in its order on Petitioner's post-judgment motion.  Accordingly, the Magistrate Judge recommended the Habeas Petition be denied.

On April 24, 2014, Petitioner filed his motion for extension of time to file his Objections to the R&R.  ([13]).  On April 28, 2014, the Court granted

4

Petitioner's motion. ([14]). On May 12, 2014, Petitioner filed his Objections to the R&R. Petitioner's Objections do not identify any particular portion of the R&R to which he objects. Petitioner's Objections largely repeat the arguments he raised in his Habeas Petition, and in his "Response to Warden's Response to 2241 Petition" [10].[1]

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). Though Petitioner does

---

[1] Petitioner also filed a "Notice of Filing Material Factors in Support of Entitlement to Prior Jail Credit" [16] and "Judicial Notice of Material Facts" [17], in which he again reiterates the arguments he made in his Habeas Petition.

not object to any specific portion of the R&R, the Court, in its discretion, conducts its *de novo* review.

B. <u>Analysis</u>

The authority to compute a federal prisoner's sentence is delegated to the United States Attorney General, who exercises this authority through the BOP. <u>United States v. Wilson</u>, 503 U.S. 329, 334-35 (1992). The federal statute governing the BOP's calculation of a prison sentence provides:

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. In Section 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time." <u>Wilson</u>, 503 U.S. at 337.

The Magistrate Judge found that "Section 3585(b)'s prohibition on crediting

6

a federal sentence with the time that was credited to another sentence dooms Petitioner's claim." (R&R at 5). The Court agrees. That Petitioner's state conviction for assault was one of the eight predicate acts underlying his RICO conspiracy conviction does not give life to Petitioner's claim. As the Magistrate noted, federal courts have consistently rejected habeas relief under Section 2241 on claims like Petitioner's. For example, one court found that Section 3585(b) "does not, as the petitioner contends, require a credit against his federal sentence for his state sentence where the acts upon which his state and federal prosecutions are simply related." Nixon v. Hamidullah, No. 8:04CV23153-GRA-BHH, 2006 WL 516735, at *2 (D.S.C. Mar. 1, 2006). A district court in the Eleventh Circuit recently agreed, finding that "[w]hile the petitioner's federal conviction relates to the same conduct as his municipal court conviction, he is not entitled to the additional 169 days of credit . . . . [because he] has already received the benefit of that time on his municipal court sentences." Garrett v. Rathman, No. 3:11-CV-02801-RDP, 2013 WL 1760846, at *3 (Mar. 22, 2013), *R&R adopted*, 2013 WL 1760837 (N.D. Ala. Apr. 19, 2013); see also Scruggs v. Adkinson, 423 F. App'x 858, 861 (11th Cir. 2011) ("Because the language of § 3585(b) is clear, we must give effect to the unambiguously expressed intent of Congress to prevent a defendant from receiving prior custody credit for time that has been credited

7

against another sentence.").

Petitioner has not presented any cases, or any law, holding that a federal prisoner can obtain, under Section 2241, credit toward his federal sentence for time he spent in state prison prior to commencement of the federal prosecution and that was credited to the state sentence. The Court agrees with the Magistrate Judge that Petitioner's claim lacks merit.

Petitioner contends in his reply brief and in his Objections that he has been punished twice for the same offense because he served a state sentence for the assault that was one of the predicate acts of the federal RICO conspiracy. ([10.1] at 2, 7.; Obj. at 3-5). Petitioner appears to claim that he was subjected to double jeopardy in violation of the Constitution. (Id.). Petitioner's argument is an attack on Petitioner's federal sentence because it is a claim that the federal sentence should not have included any imprisonment for the assault. The Magistrate determined, and the Court agrees, that such a claim must be raised, pursuant to 28 U.S.C. § 2255, in the sentencing court. See 28 U.S.C. § 2255(a); Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008) (noting that only "challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241").

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner Darnell Shepherd's Objections [15] to the R&R are **OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [11] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus [1] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED.**

**SO ORDERED** this 22nd day of March, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE