IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DARNELL SHEPHERD,

                Petitioner,

v.                                       1:13-cv-2802-WSD

D. DREW, Warden, USP-Atlanta,

                Respondent.

## OPINION AND ORDER

This matter is before the Court on Petitioner Darnell Shepherd's ("Petitioner") Motion for Reconsideration [20].

## I.  BACKGROUND

Petitioner is confined at the federal prison in Atlanta, Georgia. Petitioner, *pro se*, filed his petition for habeas corpus under 28 U.S.C. § 2241 ("Habeas Petition"). Petitioner argues the Bureau of Prisons ("BOP") has refused to credit, toward his federal sentence, time Petitioner served in state prison. ([1]).

In November 2001, a state court in New York sentenced Petitioner to five years in prison for the crime of assault in the first degree. ([1] at 6-7; [1.2] at 2; [9.1] at 2). Petitioner was paroled in September 2005, after serving four

years, three months, and ten days of the sentence on first degree assault. ([1] at 6-7; [9.1] at 2).

In September 2006, one year after he was paroled and after his five-year state sentence terminated, Petitioner was arrested by federal agents and indicted for a drug conspiracy and a Racketeering Influenced and Corrupt Organizations Act ("RICO") conspiracy. ([1] at 6-7; [1.15]; [9.1] at 2). One of the predicate racketeering acts for the RICO charge was the assault for which Petitioner was incarcerated and served his state first degree assault sentence. ([1] at 6-7; [1.15] at 5). The conduct for which Petitioner was convicted in state court was charged in his federal prosecution as conspiracy to murder. (Id.).

In 2008, Petitioner was convicted, in the United States District Court for the Northern District of New York, of both a drug conspiracy and RICO conspiracy. Verdict, United States v. Shepherd, No. 3:06-cr-136-TJM-5 (N.D.N.Y. Feb. 25, 2008) (ECF No. 161). The jury found Petitioner committed eight predicate RICO acts, including conspiring to murder the victim of his state court assault. Id. In November 2008, the district court sentenced Petitioner to 210 months' imprisonment for the drug conspiracy and 210 months' imprisonment for the RICO conspiracy, with the sentences to run concurrently. J., Shepherd, No. 3:06-cr-136-TJM-5 (ECF No. 245). The BOP commenced the sentence on the date

judgment was entered and gave Petitioner sentence credit from the day federal agents arrested him in September 2006, until the date judgment was executed. ([9.1] at 7-8).

Petitioner contends in his Section 2241 petition that the BOP must credit, toward his federal sentence, the four years, three months, and ten days he served in state prison for the state assault charge of which he was convicted, because the assault for which he was sentenced in state court was a predicate act for the federal RICO conspiracy crime. ([1] at 6-7; [10.1]). Petitioner served his state sentence for assault from November 2001 to September 2005. The state sentence was fully discharged when Petitioner was arrested and indicted by federal authorities. Petitioner moved his federal sentencing court in New York for a sentence credit for his state court incarceration. The sentencing court denied the motion in March 2011, on the grounds that Petitioner failed to exhaust his BOP administrative remedies. Order, Shepherd, No. 3:06-cr-136-TJM-5 (ECF No. 271).

Petitioner renewed his sentence credit motion after purporting to exhaust his administrative remedies. The court rejected his claim in its April 2013, Order. Shepherd, No. 3:06-cr-136-TJM-5 (ECF No. 298). The court said in its order: "assuming [Petitioner] properly exhausted his administrative remedies, he is not entitled to credit for a term of state imprisonment that was discharged prior to the

3

federal indictment and which sentence was credited to the state conviction." Id. at 1-2 (citing 18 U.S.C. § 3585(b) and Lopez v. Terrell, 654 F.3d 176, 187 (2d Cir. 2011)). The court denied Petitioner's motion for reconsideration. Order, Shepherd, No. 3:06-cr-136-TJM-5, ECF No. 300.

On March 22, 2016, the Court entered its Order [18] ("Order") denying Petitioner's Habeas Petition. The Court stated:

> The Magistrate Judge found that "Section 3585(b)'s prohibition on crediting a federal sentence with the time that was credited to another sentence dooms Petitioner's claim." (R&R at 5). The Court agrees. That Petitioner's state conviction for assault was one of the eight predicate acts underlying his RICO conspiracy conviction does not give life to Petitioner's claim. As the Magistrate noted, federal courts have consistently rejected habeas relief under Section 2241 on claims like Petitioner's.

(Order at 6-7). The Court rejected Petitioner's argument that he has been punished twice for the same offense because he served a state sentence for the assault that was one of the predicate acts of the federal RICO conspiracy. The Court reasoned that Petitioner's claim that he was subjected to double jeopardy is an attack on his federal sentence, which must be raised pursuant to 28 U.S.C. § 2255 in the sentencing court. (Id. at 8).

On April 13, 2016, Petitioner filed his Motion for Reconsideration. Petitioner argues: (1) the state and federal offenses are directly related to one another and to refuse credit would constitute double punishment for the same act;

and (2) the Court misinterpreted the jail credit authorization statute's meaning of credit shall not be given if credit has already been given toward another sentence.

## II. DISCUSSION

### A. Legal Standard

Pursuant to Local Rule 7.2(E), "[m]otions for reconsideration shall not be filed as a matter of routine practice." L.R. 7.2(E), NDGa. Rather, such motions are only appropriate when "absolutely necessary" to present: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact. Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003) (internal quotations and citations omitted). Motions for reconsideration are left to the sound discretion of the district court and are to be decided as justice requires. Belmont Holdings Corp. v. SunTrust Banks, Inc., 896 F. Supp. 2d 1210, 1222-23 (N.D. Ga. 2012) (citing Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

### B. Analysis

Petitioner does not present any newly discovered evidence, change in controlling law, or need to correct a clear error of law or fact to support his Motion for Reconsideration. Because, however, Petitioner is proceeding *pro se*, the Court elects to consider the arguments in his motion.

The authority to compute a federal prisoner's sentence is delegated to the United States Attorney General, who exercises this authority through the BOP. United States v. Wilson, 503 U.S. 329, 334-35 (1992). The federal statute governing the BOP's calculation of a prison sentence provides:

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. In Section 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time." Wilson, 503 U.S. at 337.

Petitioner argues that the state and federal offenses are directly related to one another and to refuse credit would constitute double punishment for the same act. This is the same "double jeopardy" argument rejected by the Court in its Order. Petitioner's argument is an attack on Petitioner's federal sentence because it is a

claim that the federal sentence should not have included any imprisonment for the assault. Such a claim must be raised, pursuant to 28 U.S.C. § 2255, in the sentencing court. See 28 U.S.C. § 2255(a); Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008) (noting that only "challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241").

Petitioner next argues, apparently for the first time and without any evidentiary support, that his state offense was not "fully served or discharged" because he was "released on parole and remained on parole when the federal charges were brought." (Mot. for Reconsideration at 3). Even assuming that Petitioner remained on parole in September 2006, Petitioner still "fully served" his state sentence. Petitioner was paroled in September 2005, after serving four years, three months, and ten days of the sentence on first degree assault. ([1] at 6-7; [9.1] at 2). He was arrested in September 2006, one year after he was paroled. ([1] at 6-7; [1.15]; [9.1] at 2). If Petitioner was on parole in September 2006, he served his term for more than the full five years. See N.Y. Penal Law § 70.40(1)(a) (a person on parole "shall continue service of his or her sentence or sentences while on parole"); see also United States v. Bussey, 745 F.3d 631, 633 (2d Cir. 2014) ("Parole is a form by which New York prisoners may serve out their sentences for

criminal convictions."). Petitioner's four years, three months, and ten days in prison and his alleged year on probation were thus credited toward his five year state sentence, and cannot be credited against his federal sentence.[1] See 18 U.S.C. § 3585(b).

Petitioner next argues that the Court "misinterpreted the jail credit authorization statute's meaning of credit shall not be given if credit has already been given toward another sentence." (Mot. for Reconsideration at 3). Petitioner does not clearly articulate how the Court misinterpreted the statute. He reiterates his argument that his state court conviction and federal conviction are based on the same charge and conviction, and that his assault conduct "has been charged in a double manner." (Id. at 4). As the Court noted previously, federal courts have consistently rejected habeas relief under Section 2241 on claims like Petitioner's. See, e.g. Nixon v. Hamidullah, No. 8:04CV23153-GRA-BHH, 2006 WL 516735, at *2 (D.S.C. Mar. 1, 2006) (Section 3585(b) "does not, as the petitioner contends, require a credit against his federal sentence for his state sentence where the acts upon which his state and federal prosecutions are simply related."); see also

---

[1] The Court also notes that a majority of circuits that have addressed the issue of when a sentence is discharged for purposes of the United States Sentencing Guidelines have held that, as a matter of uniform federal law, a sentence is discharged once the defendant is no longer in prison. See United States v. Hill, 455 F. App'x 121, 123-24 (2d Cir. 2012) (citing cases).

Newby v. Johnson, 81 F.3d 567, 569 (5th Cir. 1996) ("[T]his Court has concluded that there is not a statutory right to credit on a federal sentence for time spent in custody pursuant to a related state charge."). Petitioner's Motion for Reconsideration is denied.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner Darnell Shepherd's Motion for Reconsideration [20] is **DENIED**.

**SO ORDERED** this 1st day of September, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE